UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CHAPTER 11

APPLIANCE NOW, INC.,  CASE NO.: 6:11-bk-05867-KSJ

                Debtor.  EMERGENCY HEARING ON
_____/  APRIL 25, 2011 AT 1:00 P.M.

**EMERGENCY MOTION OF THE DEBTOR-IN-POSSESSION
FOR AUTHORITY TO USE CASH COLLATERAL AND
REQUEST FOR EMERGENCY PRELIMINARY HEARING**

**AND**

**CERTIFICATE OF NECESSITY OF
REQUEST FOR EMERGENCY PRELIMINARY HEARING**

**APPLIANCE NOW, INC.**, ("Appliance Now" or "Debtor"), and nine (9) affiliate debtors (collectively, the "Debtors"), by and through their undersigned counsel, and pursuant to 11 U.S.C. §§363(c)(2) and 363(e) and Federal Rule of Bankruptcy Procedure 4001(b)(1), hereby file their Emergency Motion for Authority to Use Cash Collateral and Request for Emergency Hearing (the "Motion"), and in support thereof state:

**Jurisdiction, Venue and Procedural History**

1. On April 21, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). No trustee has been appointed. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. By separate application submitted to the Court, the Debtors have sought entry of an order authorizing the joint administration of these cases and permission to use a consolidated case caption.

2. As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

4. The statutory predicates for the relief requested herein are Sections 361 and 363 of the Bankruptcy Code and Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure.

### The Debtor and its Affiliated/Related Entities

5. Appliance Now is a Florida corporation. Appliance Now and its affiliated and related entities, which are also debtors, have been engaged in the business of selling and delivering household appliances to consumers since 2002. As of the Petition Date, the Debtors have acquired and operate eight (8) retail stores (the "Stores") throughout Florida. The Stores are located in Altamonte Springs, Fruitland Park, Kissimmee, Melbourne, Merritt Island, Port St. John, Union Park and Winter Garden. The Stores are operated by Appliance Now's affiliated and related debtor-entities (the "Operating Entities"). A true and correct copy of the Operating Entities, which are also debtors, is attached hereto as **Exhibit "A."**

6. The Debtors' management entity, which is also a related debtor-entity, is Appliance Direct Management, Inc. ("Management"). Management is comprised of the Debtors' officers and directors and is the entity responsible for providing the overall management to the Stores, including training, compliance, insurance, and payment services.

### Reasons for Filing Chapter 11

7. Over the past two years, the demand for new household appliances, in both the United States and Florida, has suffered and continues to suffer losses and decreased capital markets as a

product of the overall decline in the economy over the past few years. As a result, consumers have drastically decreased their discretionary spending on luxury items, including new appliances.

8. Due largely to an unsuccessful expansion effort and the aforementioned decrease in sales, the Debtors have had difficultly servicing the trade debt or making demand payments to certain creditors.

9. In addition, former delivery truck drivers who made deliveries for the Stores, filed lawsuits in U.S. District Court for the Middle District of Florida, to wit: <u>Cox, et al v. Appliance Direct, Inc</u>. Case No: 6:08-cv-216-Orl-22; <u>Moore et al. v. Appliance Direct, Inc</u>. Case No. 6:09-cv-224-Orl-22; <u>Braman et al v. Appliance Direct, Inc</u>. Case No. 6:09-cv-179-Orl-28, alleging violations of the Fair Labor Standards Act, which ultimately led to the filing of a Chapter 7 bankruptcy proceeding of an affiliated entity, GROJ of the West, Inc. f/d/b/a Appliance Direct I, Inc. f/d/b/a Appliance Direct, Inc, in this Bankruptcy Court; Case No. 6:10-bk-09695-KSJ (the "Chapter 7 Proceeding"). Several creditors in the Chapter 7 Proceeding moved for substantive consolidation of Debtor, Management, and the Operating Entities.

10. Ultimately, the Debtors determined that it is in the best interest of all parties to seek reorganization under Chapter 11.

## Revenue Source and Cash Management

11. The Debtors' revenue comes from the sale of retail appliances and related rebates at its Stores. The sale proceeds are initially deposited into the operating accounts of the Operating Entities. Then, the funds are manually swept to an account held by Management. Management then uses the proceeds to pay the Stores' respective operating expenses, service trade debt and pay management and leased employee expenses.

12. As of the Petition Date, there is approximately Eight Hundred Seventy One Thousand

3

Dollars ($871,000.00) in the Debtors' various bank accounts and on hand.

### Cash Collateral and the Relief Sought by the Debtors

13. In their effort to successfully reorganize their businesses, it is essential that the Debtors continue, without interruption, operations which will require the use of funds on hand and funds to be received. Those funds are subject to a lien in favor of Whirlpool Corporation ("Whirlpool") as discussed below.

14. The cash collateral, which the Debtors seek to use, is comprised in whole or in part of funds located in the Debtors' various bank accounts and on hand. As noted *supra*, such funds are the proceeds of sale of certain Whirlpool brand appliances, including, but not limited to, goods bearing the trademark Whirlpool, Kitchenaid, Roper, Estate, Cielo, Collerator, Chambers or FSP (the "Cash Collateral").

15. As a result of that certain UCC-1 filed and recorded on October 12, 2005, with the Office of the Florida Secretary of State and attached Exhibit "A" thereto, and that certain UCC financing statement amendment filed on May 6, 2010 in favor of Whirlpool (the "Whirlpool Lien"), Whirlpool may assert that it holds a lien on Cash Collateral. A true and correct copy of the Whirlpool Lien is attached hereto as **Exhibit "B."**

16. The Debtors estimates that they owe Whirlpool approximately $5,532,000.00 as of the Petition Date. The Debtors estimate the value of the collateral upon which Whirlpool has a lien, including, but not limited to, the Cash Collateral, is in excess of $5,536,000.00 (collectively, the "Whirlpool Collateral").

17. Debtors anticipate that they will require the use of approximately $3,155,000.00 of Cash Collateral, to continue and maintain operations for the next four weeks, and, depending on the month, a greater or lesser amount will be required each comparable period thereafter.

4

18. A budget showing estimated income and expenses for the Debtors for the next four weeks and subsequent months (the "Budget") is attached hereto as **Composite Exhibit "C"** and is incorporated herein by reference. Based on the Budget, the Debtors anticipate that they will operate on a positive cash flow basis.

19. In order to preserve the going concern of the Debtors' estates, Whirlpool and the Debtors have agreed to terms of adequate protection with respect to the Whirlpool Lien during the interim period, as follows: (i) an automatically perfected replacement lien on all assets obtained by the Debtor after the petition date as a result of the Debtors' use of the Cash Collateral and Whirlpool Collateral; (ii) payment by the Debtors to Whirlpool in the amount of $825,850.00 on May 5, 2011; (iii) payment by the Debtors to Whirlpool in the amount of $80,000.00 on May 15; (iv) payment by the Debtors to Whirlpool in the amount of $825,850.00 on May 23, 2011; (v) payment by the Debtors to Whirlpool of $80,000.00 on May 30, 2011; and (vi) offset of the Debtors' Prepetition Rebates (as defined in the attached Order).

20. If the Debtors are not permitted to use Cash Collateral, they will be forced to halt operations, which will result in loss of the going concern value of the business, a reduction in the value of the estates' assets, create an adverse effect on creditors and employees, and drastically reduce the total value of the Whirlpool Collateral.

21. A copy of the proposed order authorizing use of Cash Collateral on an interim basis is attached hereto as **Exhibit "D."**

## CERTIFICATE OF NECESSITY OF REQUEST FOR EMERGENCY PRELIMINARY HEARING

22. Operation of the Debtors' business requires the incurring of expenses on a daily basis.

23. The Debtors will be without funds to operate and meet expenses if an emergency preliminary hearing is not granted.

24. Customers, vendors, and employees have been at risk since the Petition Date and will continue to be at risk until a determination by this Court of the right to use Cash Collateral.

25. The Debtors estimate that approximately 15 minutes will be necessary for a hearing on this Motion and that a similar amount of time may be required for a final hearing.

26. A copy of this Motion was served on Whirlpool, all secured creditors, the twenty largest unsecured creditors, and the United States Trustee. Notice of a hearing on this matter will be provided to the same entities.

27. The Debtors and counsel are prepared to appear on three hours' notice at a hearing to demonstrate that the request for an emergency hearing is not the result of the Debtors' or counsel's procrastination or lack of attention.

**WHEREFORE,** the Debtors respectfully requests this Court enter an order granting the request for an emergency hearing, the request to use Cash Collateral, and for such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 21st day of April 2011.

/s/ Justin M. Luna, Esq.
R. Scott Shuker, Esquire
Florida Bar No. 984469
rshuker@lseblaw.com
Justin M. Luna, Esquire
Florida Bar No. 0037131
jluna@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                            CHAPTER 11

APPLIANCE NOW, INC.,                              CASE NO.: 6:11-bk-05867-KSJ

            Debtor.                               EMERGENCY HEARING ON
_____/              APRIL 25, 2011 AT 1:00 P.M.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of EMERGENCY MOTION OF THE DEBTOR-IN-POSSESSION FOR AUTHORITY TO USE CASH COLLATERAL AND REQUEST FOR EMERGENCY PRELIMINARY HEARING, together with all exhibits, has been furnished either electronically or by U.S. First Class, postage prepaid mail to: **Christopher J. Coleman, Esq.**, Schillinger & Coleman, P.A., 1311 Bedford Drive, Suite 1, Melbourne, Florida 32940; **Stephen B. Grow, Esq.**, Warner Norcross & Judd, LLP, a/f Whirlpool Corporation, 900 Fifth Third Center, 111 Lyon Street NW, Grand Rapids, MI 49503-2487; Whirlpool Corporation, 500 Momany Drive, St. Joseph, MI 49085; **Donald R. Kirk, Esq.**, Fowler White Boggs, P.A., 501 E. Kennedy Blvd., Suite 1700, Tampa, Florida 33602; secured creditors and the twenty largest unsecured creditors as shown on the matrix attached to the original of this motion filed with the Court; and the U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801, this 21st day of April 2011.

/s/ Justin M. Luna
Justin M. Luna, Esq.

AT&T
P.O. Box 105262
Atlanta, GA 30348-5262

AT&T
P.O. Box 5019
Carol Stream, IL 60197-5019

Brevard Cty Tax Collector
Attn: Lisa Cullen, CFC
P.O. Box 2020
Titusville, FL 32781-2020

CenturyLink
P.O. Box 96064
Charlotte, NC 28296-0064

Cisco Systems Cap Crp
P.O. Box 41602
Philadelphia, PA 19102-1602

City of Altamonte Springs
225 Newburyport Ave.
Altamonte Springs, FL 32701

City of Kissimmee
101 N. Church Street
Kissimmee, FL 34741

City of Melbourne
900 E. Strawbridge Ave.
Melbourne, FL 32901

City of Winter Garden
300 West Plant Street
Winter Garden, FL 34787

Copytronics Information Sys
P.O. Box 5489
Jacksonville, FL 32247

First Financial Emp.. Leasing, Inc.
3745 Tamiami Trail
Port Charlotte, FL 33952

Florida Dept of Revenue
Attn: Executive Director
5050 W. Tennessee St.
Tallahassee, FL 32399-0140

GE Commercial Dist Fin Corp
P.O. Box 723476
Atlanta, GA 31139

GE Money Bank
4246 South Riverboat Rd., Ste. 200
Salt Lake City, UT 84123-2551

General Electric Cap Corp
P.O. Box 19187
Jacksonville, FL 32245-9187

General Electric Co.
GE Appliance Retail
P.O. Box 100380
Atlanta, GA 30384-0380

General Electric Company
P.O. Box 34810
Louisville, KY 40232-9913

Internal Revenue Service
Centralized Insolvency Ops
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Svc*
Spec Proc Function
P.O. Box 35045, Stop 5720
Jacksonville, FL 32202

Lake Cty Tax Collector
Attn: Bob McKee
P.O. Box 327
Tavares, FL 32778-0327

Lassiter-Ware Insurance
2701 Maitland Ctr Pkwy
P.O. Box 940159
Maitland, FL 32794-0159

LG Electronics USA, Inc.
1000 Sylvan Ave.
Englewood Cliffs, NJ 07632

Mark S. Salmon
397 N. Babcock St.
Melbourne, FL 32935

Mauldin Int Trucks, Inc.
2300 S. Division Ave.
Orlando, FL 32805

Nebutel, Inc.
3153 Skyway Circle, Ste. 101
Melbourne, FL 32934

Orange City Tax Collector
Attn: Earl K. Wood
P.O. Box 2551
Orlando, FL 32802-2551

Osceola Cty Tax Collector
Attn: Patsy Heffner
2501 E Irlo Bronson Mem Hwy
Kissimmee, FL 34744

Penske Truck Leasing
P.O. Box 532658
Atlanta, GA 532658

Regions Bank
Attn: Pres/Gen Mgr
7750 N. Wickham Rd
Melbourne, FL 32940

SEC
Branch of Reorganization
3475 Lenox Rd. NE #1000
Atlanta, GA 30326

Sei Hwan Pak
397 N. Babcock St.
Melbourne, FL 32935

Wells Fargo Financial
Manufacturer Srvc Group
P.O. Box 7777
San Francisco, CA 94120-7777

Seminole Cty Tax Collector
Attn: Ray Valdes
P.O. Box 630
Sanford, FL 32772-0630

Whirlpool Corporation
500 Momany Dr.
St. Joseph, MI 49085

U.S. Bankcorp
Office Equipment Finance Srv
P.O. Box 790448
St. Louis, MO 63179-0448

Whirlpool Corporation
1 Chase Manhattan Plaza
New York, NY 10005